UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN ORION SNYDER,

    Petitioner,

v.

    CASE NO. 2:22-CV-10472
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

MICHELLE FLOYD,

    Respondent,
_____/

**OPINION AND ORDER
(1) DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION FOR RECONSIDERATION (ECF NO. 13),
(2) GRANTING PETITIONER AN EXTENSION OF TIME TO FILE AN AMENDED HABEAS PETITION, AND
(3) EXTENDING THE TIME FOR RESPONDENT TO FILE AN ANSWER**

Van Orion Snyder, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and being a third felony habitual offender, Mich. Comp. Laws § 769.11. On April 1, 2022, Magistrate Judge David R. Grand signed an order of responsive pleadings which required respondent to file an answer to the petition by October 6, 2022. (ECF No. 9.) This Court subsequently denied petitioner's motion for appointment of counsel. (ECF No. 10.)

1

Petitioner filed an objection to the above orders, which is construed as a motion for reconsideration. (ECF No. 13.) For the reasons that follow, the motion is denied in part and granted in part.

A party may move for reconsideration of a non-final order under Local Rule 7.1(h)(2). *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at * 1 (E.D. Mich. Mar. 10, 2022). "Motions for reconsideration of non-final orders are disfavored," and will only be granted on limited grounds. *Id.* (citing E.D. Mich. L.R. 7.1(h)(2)(A)–(C)). Subsection (A) requires a three-part showing: "The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h)(2)(A). More importantly, "[a] motion for reconsideration is 'not an opportunity to re-argue a case' [or] 'to raise [new] arguments which could, and should, have been made' earlier." *Id.* (quoting *Bills v. Klee*, No. 15-cv-11414, 2022 WL 447060, at * 1 (E.D. Mich. Feb. 14, 2022) (second alteration in original) (quoting *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Petitioner's primary argument is that this Court erred in denying his motion for the appointment of counsel because he is not educated in the law and has limited access to documents. This portion of the motion for reconsideration is denied, because petitioner is merely presenting issues which were already ruled

2

upon by this Court, either expressly or by reasonable implication, when the Court denied the motion for the appointment of counsel. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Petitioner also objects to the petition being served upon the respondent and the Michigan Attorney General and the order requiring a response to the petition.

As another judge in this district indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) (Cohn, J.) (citing to *Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). While another judge in this district has refused to grant an extension of time to the State of Michigan to file an answer and has considered a habeas petition without having the benefit of an answer from the respondent, *see Wilkerson v. Jones,* 211 F. Supp. 2d 856 (E.D. Mich. 2002) (Gadola, J.), the problem with this approach is that any such decision by the court "creates a self-inflicted wound," because without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Mahaday,* 222 F. Supp. 2d at 921. Under these circumstances, a judge is unable to "isolate the precise contours of the

3

dispute," because he or she would be "missing half of the story," i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* This portion of the motion for reconsideration is denied.

Petitioner has also requested an extension of time to either retain counsel to file an amended habeas petition or to have additional time to file an amended habeas petition on his behalf.

A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See, e.g., Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). The Court grants petitioner one hundred and twenty days from the date of this order to file an amended habeas petition. Respondent is granted an extension of time to file the answer. Respondent shall file an answer to the petition within one hundred and twenty days of the amended petition being filed or the deadline for filing the amended petition.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

DATED: 5/5/2022

4