UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN ORION SNYDER,

    Petitioner,

v.
                         CASE NO.  2:22-CV-10472
                         HONORABLE PAUL D. BORMAN
                         UNITED STATES DISTRICT JUDGE

MICHELLE FLOYD,

    Respondent,
_____/

## OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Van Orion Snyder, ("Petitioner"), confined at the Michigan Department of Corrections Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b).  Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). (ECF No. 20.) Petitioner filed a response to the motion to dismiss.  (ECF No. 22.) For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

1

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Schoolcraft County Circuit Court.

The Michigan Court of Appeals affirmed Petitioner's conviction on October 26, 1999. *People v. Snyder*, No. 210802, 1999 WL 33434595 (Mich. Ct. App. Oct. 26, 1999). Petitioner never filed an application for leave to appeal to the Michigan Supreme Court. *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court. (ECF No. 21-11.)

Petitioner filed his habeas petition on February 22, 2022. (ECF No. 1.)[1]

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on February 22, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

The Michigan Court of Appeals affirmed Petitioner's conviction on October 26, 1999. Petitioner never filed an application for leave to appeal to the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run

3

until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals, and fails to file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Under at M.C.R. 7.302(C)(3), the court rule in effect at the time of Petitioner's conviction, Petitioner had 56 days to file an appeal in the Michigan Supreme Court, the highest court in the State. The expiration of the 56 days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on December 21, 1999, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee,* 232 F. Supp. 2d

4

761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner had one year – until December 21, 2000 – to timely file his habeas corpus petition. Petitioner's habeas corpus petition was filed on February 22, 2022, some 21 years after the one year limitations period expired and is thus untimely.

Petitioner suggests or implies in his Response that the Petition should be granted because his claims are meritorious. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is permissible for a respondent to file a motion to dismiss or for summary judgment on statute of limitations grounds, rather than an answer on the merits. *See Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004). It was thus proper for Respondent to file a motion to dismiss the Petition on statute of limitations grounds, rather than initially file an answer addressing the merits. In addition, a merits decision is unnecessary where a district court denies a habeas corpus petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas corpus petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and

prevented the timely filing of the habeas corpus petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit Court of Appeals has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a habeas corpus petitioner to show that he is entitled to the equitable tolling of the one year limitations period. *Id*.

Petitioner first appears to argue that the untimeliness of the Petition should be excused by the fact that he had to file the Petition *pro se* and without the assistance of counsel.

Although Petitioner may be untrained in the law or that he proceeded without a lawyer, this would not justify equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo,* 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002) (lack of professional legal assistance does not

justify equitable tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (same).

Petitioner next argues that the limitations period should be equitably tolled because he was denied access to the law library or to gain access to legal materials during the COVID-19 pandemic, when the prisons were often locked down and the prison law libraries closed. Petitioner also cites to difficulties in accessing his legal mail during the COVID-19 pandemic.

Although the restrictions placed on prisoners as a result of the COVID-19 pandemic can in some cases justify equitable tolling of the limitations period, *see, e.g., Brown v. Davis,* 482 F. Supp. 3d 1049, 1058-59 (E.D. Cal. 2020), the limitations period in this case had expired almost twenty years earlier by the time that the COVID-19 pandemic hit the United States, and more particularly, the State of Michigan. Equitable tolling cannot be used to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *see also Pniewski v. Cheeks,* No. 21-CV-11414, 2022 WL 1665177, at * 4 (E.D. Mich. May 25, 2022)*, appeal dismissed sub nom. Pniewski v. Artis,* No. 22-1655, 2022 WL 18457627 (6th Cir. Oct. 12, 2022). "Events or actions occurring after the expiration of the limitations period cannot serve to extend that period or excuse [a litigant's] failure to comply with the limitations period." *Pniewski*, 2022 WL 1665177, at *4 (quoting *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich.

7

2003)). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Id.* (quoting *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000)). "The tragic events of the COVID-19 pandemic, and its restrictions on prisoner life in Michigan, cannot toll the limitations period in this case because it had long since expired prior to the pandemic." *Id.*

The one year statute of limitations may be equitably tolled if the Petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The United States Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because he has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner claims that the victim had falsely accused him of sexual assault prior to the case, which led to his conviction. Petitioner also claims that the victim did not initially tell the doctor who performed the sexual assault examination that she had been sexually assaulted, but that the police later falsified the doctor's report. Petitioner also claims that there were inconsistencies between the victim's statements to the doctor, to the police, and her trial testimony.

Petitioner did not provide the Court with copies of the doctor's report or the police reports. Petitioner is not entitled to tolling of the limitations period for his allegation that the police or doctor's reports were falsified, because this actual innocence claim is unsupported by any evidence. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147-48 (6th Cir. 2007). Petitioner attached to his Response a copy of his criminal records from the Law Enforcement Information Network (LEIN), which shows that a criminal sexual conduct case was dismissed against Petitioner in the Macomb County Circuit Court in 1987. (ECF No. 22, PageID.764). There is no other information as to whether this criminal sexual conduct case involved the current victim, but it seems unlikely that this would have been the same victim because the victim in this case testified that she was twelve and a half years old in

9

June of 1997, when the sexual assault in this case took place. (ECF No. 21-8, PageID.434-41). The LEIN sheet says that the date of the offense of the earlier dismissed case was January 18, 1986, when the victim in this case would have been roughly one year old. It is difficult to imagine a one year old being able to verbalize that she had been sexually assaulted.

In any event, evidence that the victim may have falsely accused Petitioner in the past or that she made inconsistent statements to the doctor, to the police, and to the jury is merely impeachment evidence. Impeachment evidence does not provide sufficient evidence of actual innocence to support a free-standing innocence claim or to excuse a procedural default. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). Impeachment evidence is insufficient to establish actual innocence to toll the limitations period. *See Sherratt v. Friel,* 275 F. App'x 763, 768 (10th Cir. 2008) (stating that "new evidence must 'affirmatively demonstrate[] his innocence,' not simply 'undermine the finding of guilt against him.'") (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner failed to show that he is actually innocent of the crime, so as to excuse the untimeliness of the Petition.

10

## III. CONCLUSION

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas corpus petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the Petition. Accordingly, the Court summarily dismisses with prejudice the Petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas corpus claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal

is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Accordingly, the Court denies a certificate of appealability. The Court also denies Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the Petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated: February 10, 2023

s/ Paul. D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

12